IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARVIN L. SEATON                                                        PLAINTIFF

vs.                                 CIVIL NO. 04-2168

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION            DEFENDANT

## **MEMORANDUM OPINION**

Marvin Seaton ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on April 11, 2002, alleging an onset date of March 9, 2002, due to a musculoskeletal impairment. (Tr. 57, 326). An administrative hearing was held on March 14, 2003. (Tr. 338-374). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was thirty-two years old and possessed a high school education. (Tr. 20). The record reflects that he has past relevant work experience ("PRW") as a semi-skilled medium to heavy exertional level worker. (Tr. 20).

On August 12, 2003, the Administrative Law Judge (hereinafter "ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any

of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 20). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity (hereinafter "RFC"), to perform a range of light work, limited by his ability to occasionally perform overhead reaching, balancing, stooping, kneeling, crouching, crawling; inability to work in temperature extremes; and, need for a job with a sit/stand option. (Tr. 25-26). With the assistance of a vocational expert, the ALJ determined that, although plaintiff could not return to his PRW, he could still perform the positions of cashier, reception clerk, and security monitor. (Tr. 27).

On June 15, 2004, the Appeals Council declined to review this decision, in spite of the fact that plaintiff attached a significant number of additional medical records to her request for review. (Tr. 2-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision..[1] (Doc. # 7, 8).

**Applicable Law:**

When, as in this case, the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a non-final agency action. See *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole,

---

[1] We note that plaintiff has attempted to submit additional medical records for our review by attaching said records to his appeal brief. However, this type of request must be made via the filing of a motion to submit additional evidence. As this has not been done in this case, the additional records are not properly before this court.

2

including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year

and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the additional medical evidence submitted by plaintiff to the Appeals Council. (Tr. 189-678). Specifically, the evidence contains a decision from the Veteran's Administration ("VA") dated August 21, 2003, nine days after the ALJ issued his opinion, finding that plaintiff was "precluded from substantial gainful employment by his low back

4

disability" due to his continuing experience of "low back pain with sensory neuropathy and intermittent incontinence as of March 9, 2002 . (Tr. 281-284). While it is true that a disability determination by the VA is not binding on an ALJ considering a Social Security applicant's claim for disability benefits, the Eighth Circuit has held that "findings of disability by other federal agencies, even though they are not binding on an ALJ, are entitled to some weight and must be considered in the ALJ's decision." 20 C.F.R. § 404.1504; *See Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir. 1998)*; Jenkins v. Chater,* 76 F.3d 231, 233 (8th Cir.1996).

In the present case, the Appeals Council merely acknowledged receipt of the VA determination and stated that it had considered it, in conjunction with several other additional records, and found that it did not provide a basis for changing the ALJ's decision. (Tr. 3, 6). However, the Council provided no specific reasons for its dismissal of the evidence. In *Morrison*, 146 F.3d at 628, the Court made the following statement:

> If the ALJ was going to reject the VA's finding, reasons should have been given, to enable a reasoned review by the courts. We are fortified in this conclusion by the fact that the Social Security Administration has given this very instruction to its adjudicators. A 1992 memorandum from the Social Security Administration's Chief Administrative Law Judge to the Office of Hearings and Appeals field personnel reminded "all ALJs and decision writers that even though another agency's determination that a claimant is disabled is not binding on SSA . . . , the ALJ must evaluate it as any other piece of evidence, *and address it in the decision.* Memorandum, Social Security Administration Office of Hearings and Appeals (Oct. 2, 1992), at 3 (emphasis added).

Accordingly, based upon our consideration of the vast evidence documenting plaintiff's back and incontinence problems, we believe that there is a reasonable likelihood that this additional evidence would have changed the ALJ's opinion. Accordingly, the case shall be remanded to allow for the

5

proper consideration of this evidence. In so doing, the ALJ is directed to address the VA's determination and provide specific reasons for his acceptance or rejection of this evidence.

As the evidence also contains additional records and evaluations concerning plaintiff's back problems and urinary and bowel incontinence issues, this evidence should also be considered by the ALJ. While we note that evidence obtained after an ALJ decision is material only if it relates to the claimant's condition on or before the date of the ALJ's decision, we believe that these additional records will have an impact on the ALJ's decision concerning plaintiff's RFC during the relevant time period. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984). Contrary to the ALJ's findings, these records do indicate that plaintiff continued to suffer from residual posterior disc bulge and disc herniation at the L5-S1 level, with moderate facet and ligamentous hypertrophy and enhancement along the left lateral aspect of the thecal sac, even after his back surgery. (Tr. 317).

We also note that the record does not contain an RFC assessment prepared by any of plaintiff's treating physicians. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). Generally, the assessment of a physician who examines plaintiff once or not at all does not constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking them to review all of plaintiff's medical records and complete an RFC assessment regarding plaintiff's capabilities during the time period in question. The physicians should also be asked to provide the objective basis for their opinions, so that an informed decision

can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this the 8th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE